**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0015-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ELIJAH A. SUMLER, a/k/a OWEN A.
SMITHS, and ALEXANDER SUMLER,

    Defendant-Appellant.

_____

Submitted April 24, 2018 – Decided October 1, 2018

Before Judges Mawla and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 11-01-0090.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Robert D. Laurino, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Defendant Elijah A. Sumler appeals from an order entered by the Law Division on June 30, 2016, denying his petition for post-conviction relief (PCR) without a hearing.  We affirm.

I.

The following facts are derived from the record.  On August 25, 2010, C.G.[1] was at home with her child when she was unexpectedly visited by A.D. The two had been longtime friends and former housemates.  Three days earlier, they had a dispute over money, causing what C.G. thought was a severing of their friendship.  A.D. asked if the other occupants of the apartment were home. Once told that C.G. was alone with her child, A.D. left.

About five minutes after A.D. departed, C.G. encountered three men in her doorway wearing hooded sweatshirts.  Two of the men had their backs to her, while the man facing her had the hood of his sweatshirt tied around his face and a scarf extending over the bridge of his nose, covering the bottom of his face.  The men robbed her at gun point, ransacking the apartment, and taking several items.

---

[1]  We use initials to protect the privacy of the victim and witnesses.

A-0015-16T1

C.G. recognized the scarfed intruder as defendant, the father of A.D.'s child. She had previously interacted with him on a number of occasions, recognized his voice, and saw enough of his face during the robbery to make an identification.

At the time of robbery, M.H. was lifting weights with several other men across the street from C.G.'s apartment. He noticed four men coming up the street with hoodies and masks on, but did not see their faces. He also did not see where they went after they passed him. Shortly thereafter, M.H. saw the same group of men running down the street holding a computer monitor, flat screen television, DVD player, and a gaming system.

Less than thirty seconds later, C.G. ran out of her building and up to M.H., clutching her baby. She was visibly upset and told M.H. she had just been robbed. M.H. and his friends ran after the men but were unable to catch them.

C.G., who described herself as hysterical, used a cellphone to call a relative. According to C.G., when the relative answered the call, C.G. said, "Mancy just robbed my house." Mancy is defendant's nickname. The relative, however, recalled that when she answered the phone C.G. said "this bitch just had Mancy rob my fucking house." C.G. was taken to the police station where

3

she gave a statement and identified single photographs of A.D. and defendant. The stolen items were not recovered.

On January 11, 2011, an Essex County Grand Jury returned an indictment charging defendant with: (1) second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and 2C:15-1(b) (count one); (2) first-degree robbery, N.J.S.A. 2C:15-1 (count two); (3) second-degree burglary, N.J.S.A. 2C:18-2(b)(1) (count three); (4) fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b) (count four); (5) second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count five); and (6) second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count six).

At trial, the State argued that A.D. recruited defendant and others to rob C.G. as retaliation for their recent dispute about money. The State moved prior to trial to determine the admissibility of C.G.'s identification of defendant by his nickname during her cellphone conversation immediately after the robbery. The trial court determined that the identification was admissible as an excited utterance. N.J.R.E. 803(c)(2).

Defendant did not testify at trial, or present any witnesses or other evidence on his behalf. A jury found defendant guilty on counts one and four, and deadlocked on the remaining counts, which were later dismissed. The trial

A-0015-16T1

court sentenced defendant to an aggregate extended term of fifteen years of incarceration with an eighty-five percent parole disqualifier, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2(a).[2]

Defendant appealed his convictions and sentence. We affirmed. State v. Sumler, No. A-6295-11 (App. Div. Feb. 5, 2014). The Supreme Court denied certification. State v. Sumler, 219 N.J. 627 (2014).

In March 2015, defendant filed a PCR petition in the Law Division, arguing that his trial counsel was ineffective for failure to: (1) conduct an effective pretrial investigation, including interviewing the men who were with M.H. at the time of the robbery; (2) call an alibi witness; and (3) prevent the admission of C.G.'s identification of defendant. Defendant also claimed that his appellate counsel was ineffective because he did not argue defendant's convictions were against the weight of the evidence.

Judge Peter V. Ryan, who presided at defendant's original trial, denied defendant's PCR petition. The trial court found that defendant failed to present a prima facie case of ineffective assistance of counsel, and did not demonstrate the need for an evidentiary hearing. With respect to defendant's claim that trial

---

[2] A.D. was also indicted with respect to the robbery of C.G. At the close of trial, the court granted A.D.'s motion for acquittal based on the insufficiency of the evidence.

A-0015-16T1

counsel failed to investigate who was with M.H., the court found that the evidence admitted at trial demonstrated that M.H. was the only person who directly interacted with C.G. In addition, the court found that trial counsel made a strategic decision to not investigate additional witnesses, and defendant failed to show how this decision changed the outcome of the trial.

With respect to defendant's argument that trial counsel failed to present an alibi defense, the trial court found that defendant presented no "supporting documents or facts to corroborate his claim that such a defense could have been presented to the jury." The court noted that defendant's PCR petition was not accompanied by "certifications from named individuals attesting to their willingness to testify in support of such an alibi defense[,] . . . [or] any details about what that defense may have been, . . . [or] when he shared information about this alibi with counsel . . . ." In the absence of any evidence outside the trial record, the court concluded, an evidentiary hearing was not warranted.

The trial court also found that Rule 3:22-5 barred defendant's claim regarding his appellate counsel. Defendant contended that his appellate counsel should have argued that the evidence was insufficient to support the convictions because C.G.'s credibility, motive, criminal history, and relationship with A.D. and defendant undermined the reliability of her testimony. The trial court found

6

that the arguments raised by defendant were resolved against him on direct appeal because, after examining the trial record, including the admission of C.G.'s identification of defendant, and the jury's apparent determination that C.G. was credible, this court affirmed defendant's conviction.

This appeal followed. Defendant raises the following argument for our consideration:

> DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING BECAUSE TRIAL COUNSEL FAILED TO PROPERLY INVESTIGATE AND PREPARE FOR TRIAL.

II.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v. Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, 466 U.S. at 687, and adopted by our Supreme Court in Fritz, 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at

7

687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense." Id. at 687. He must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Ibid.

We review a PCR court's decision to proceed without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). A defendant is entitled to an evidentiary hearing on a PCR petition if the defendant presents a prima facie case in support of PCR, the court determines there are material issues of fact that cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). The court must "view the facts in the light most favorable to a defendant." State v. Preciose, 129 N.J. 451, 463 (1992). The defendant, however, "must do more than make bald assertions" and must instead "allege

facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "[V]ague, conclusory, or speculative" allegations will not suffice. Porter, 216 N.J. at 355 (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). Further, "when a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170).

In addition, "PCR provides a defendant with a means to challenge the legality of a sentence or final judgment of conviction which could not have been raised on direct appeal." State v. McQuaid, 147 N.J. 464, 482 (1997). However, it does not allow a defendant "to relitigate a claim already decided on the merits." Id. at 483. Rule 3:22-5 makes clear that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or . . . in any appeal taken from such proceedings." Therefore, an argument should be barred from being pursued in a PCR petition "only if the issue raised is identical or substantially equivalent to that

adjudicated previously on direct appeal." State v. Bontempo, 170 N.J. Super. 220, 234 (Law Div. 1979).

Having reviewed the record in light of the applicable legal principles, we discern no abuse of discretion here. There is ample support in the record for the trial court's determination that defendant failed to produce any evidence that a more thorough investigation by his trial counsel would have produced exculpatory evidence, identified a witness helpful to defendant, or established an alibi defense. In addition, the trial court's determination that an evidentiary hearing was not warranted is sound, given defendant's failure to produce any evidence outside the trial record in support of his request for PCR. Finally, the trial court correctly determined that defendant's arguments with respect to the sufficiency of the evidence supporting his conviction were effectively resolved by this court on defendant's direct appeal, precluding defendant from raising those arguments again in his PCR petition. R. 3:22-5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-0015-16T1